

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 23, 1993

Honorable Gonzalo Barrientos
Chairman
Committee on Nominations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-203

Re: Status of "recess gubernatorial appointees who are replaced by other nominees before the senate has had the opportunity to confirm or reject them in a regular or special session" (RQ-490)

Dear Senator Barrientos:

You have requested our opinion as to the status of "recess gubernatorial [appointees] who are replaced by other nominees before the Senate has [had] the opportunity to confirm or reject them in a regular or special session." Article IV, section 12 of the Texas Constitution provides, in part:

> (a) All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law by appointment of the Governor.

> (b) An appointment of the Governor made during a session of the Senate shall be with the advice and consent of two-thirds of the Senate present.

> (c) In accordance with this section, the Senate may give its advice and consent on an appointment of the Governor made during a recess of the Senate. To be confirmed, the appointment must be with the advice and consent of two-thirds of the Senate present. If an appointment of the Governor is made during the recess of the Senate, the Governor shall nominate the *appointee, or some other person to fill the vacancy,* to the Senate during the *first ten days of its next session* following the appointment. If the Senate does not confirm a person under this subsection, the Governor shall nominate in accordance with this section the recess appointee or another person to fill the vacancy during the first ten days of each subsequent session of the Senate until a confirmation occurs. If the Governor does not nominate a person to the Senate during the first ten days of a session of the Senate as required by this subsection, the Senate at that session may consider the recess appointee as if the Governor had nominated the appointee.

(d) If the Senate, at any special session, does not take final action to confirm or reject a previously unconfirmed recess appointee or another person nominated to fill the vacancy for which the appointment was made:

(1) the Governor after the session may appoint another person to fill the vacancy; and

(2) the appointee, if otherwise qualified and if not removed as provided by law, is entitled to continue in office until the earlier of the following occurs:

(A) the Senate rejects the appointee at a subsequent session; or

(B) the Governor appoints another person to fill the vacancy under Subdivision (1) of this subsection.

(e) If the Senate, at a regular session, does not take final action to confirm or reject a previously unconfirmed recess appointee or another person nominated to fill the vacancy for which the appointment was made, the appointee or other person, as appropriate, is considered to be rejected by the Senate when the Senate session ends.

(f) If an appointee is rejected, the office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. If a person has been rejected by the Senate to fill a vacancy, the Governor may not appoint the person to fill the vacancy or, during the term of the vacancy for which the person was rejected, to fill another vacancy in the same office or on the same board, commission, or other body. [Emphasis added.]

When the Governor makes a recess appointment, subsection (c) requires that she submit to the senate, during the first ten days of the *next session following the appointment*, either the name of the appointee "or some other person." Furthermore, if the governor fails to submit any name, the senate "may consider the recess appointee as if the Governor had nominated the appointee." Subsections (d) and (e) describe the consequences of senate inaction in, respectively, a regular session and a special session.

As an example, you indicate that, in May 1992, the governor appointed a particular individual to be Commissioner of Health and Human Services. That appointee resigned the following month and another person was immediately appointed to fill the vacancy. In our opinion, nothing in article IV, section 12, or any other provision would require the governor to submit to the senate the name of the first appointee. In addition, the constitutional language, by directing the governor to "nominate the appointee, *or some*

*other person* to fill the vacancy," contemplates that the governor has no duty to submit the name of a previous appointee. If, under subsection (c), she may nominate a person who has never previously held the position rather than a prior appointee, it seems obvious that she may nominate her *second* appointee rather than her first.

Attorney General Opinion JM-1161 (1990) is not to the contrary. In that opinion, the attorney general considered an attempt by a first appointee to resign his office during a special legislative session. The opinion declared that, because the attempted resignation was not in writing, it did not effect a valid surrender of the office under the terms of subsection 201.001(a) of the Election Code. In the situation you pose, we will presume that the first appointee submitted a written resignation. Under those circumstances, the second appointee became the *de jure* office holder as of the date of his appointment.

Attorney General Opinion JM-1161 is instructive in determining whether the acts of the first appointee must be subsequently "validated" by the legislature. Under the terms of article IV, section 12, the first appointee was the *de jure* office holder until the second appointee was appointed to and qualified for the position. Since the legislature did not convene at any time during the first appointee's tenure, no legislative action regarding this appointee was either necessary or proper. Since the first appointee held the office *de jure* during his brief tenure, a subsequent "rejection" of that brief appointment would, under the constitution, have no effect.

## S U M M A R Y

When the governor appoints an individual to a position while the legislature is in recess, that person resigns the position before the legislature next convenes, and a second appointee is named to the position, there is no requirement that the name of the *first appointee* be submitted to the legislature. Acts of the first appointee need not be validated by the legislature for any period in which that person held the position *de jure*.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General